861 So.2d 236 (2003)
Myles GOLDSBY
v.
STATE of Louisiana, DEPARTMENT OF CORRECTIONS, James LeBlanc, Richard Stalder, Morris Easley, James Alton Daniels and Joann Miller.
No. 2003 CA 0343.
Court of Appeal of Louisiana, First Circuit.
November 7, 2003.
Rehearing Denied January 5, 2004.
*237 Kenneth L. Richie, Baton Rouge, for Appellee Plaintiff Myles Goldsby.
Patricia Nalley Bowers, New Orleans, Alvin R. Washington, Baton Rouge, for Appellants Defendants State of Louisiana.
Panel composed of Judges FRANK FOIL, BRADY FITZSIMMONS and EDWARD J. GAIDRY.
FOIL, J.
Plaintiff, Myles Goldsby, was terminated from his employment as a Probation and Parole Officer II with the State of Louisiana, Department of Corrections (DOC), in its Amite District Office. He filed this suit for damages against defendants DOC, Richard Stalder, JoAnn Miller, James LeBlanc, Morris Easley, and James Alton Daniels, alleging that he was harassed, discriminated against, and ultimately discharged in retaliation for his reporting various departmental violations to the State Inspector General's Office. Defendant, DOC, challenges a trial court judgment rendered in plaintiff's favor under Louisiana's "whistleblower" statutes, wherein the court ordered plaintiff's reinstatement with back pay less a mitigation penalty, and awarded him damages for mental anguish, plus attorney's fees, costs, and interest from date of judicial demand.[1] Plaintiff answered the appeal and seeks an additional award of attorney's fees for costs incurred in defending this appeal.

FACTS AND PROCEDURAL BACKGROUND
Mr. Goldsby was a classified state civil service employee serving with permanent status as a probation/parole officer in the Amite District Office of the DOC's Department of Probation and Parole. He filed this civil lawsuit under La. R.S. 23:967, Louisiana's "whistleblower" statute. Mr. Goldsby claims he is entitled to relief under the statute based on his reporting certain information regarding alleged violations of various laws and DOC's policies and procedures to the State Inspector General's Office. He alleged that following those reports, he became the subject of severe, ongoing, and continual retaliation, harassment, and discrimination that culminated in disciplinary action against him and his ultimate termination. Mr. Goldsby asserted claims under La. R.S. 23:967, as well as under state tort law, for intentional infliction of emotional distress.
Prior to trial, defendants filed a number of exceptions, including prematurity, and vagueness. Defendants also filed a declinatory exception of lack of subject matter jurisdiction based on La. Const. art. X, § 12, contending that all of Mr. Goldsby's claims dealing with discipline and removal fall within the exclusive jurisdiction of the Civil Service Commission. Following a hearing, the trial court denied the exceptions.
The matter was tried on April 10 and 11, 2002. Before trial, the trial court granted defendants' exception of no cause of action under La. R.S. 23:967 against defendants in their individual capacities. In written reasons for judgment, the trial court found by a preponderance of the evidence that *238 Mr. Goldsby made a prima facie case as a "whistleblower" within the purview of La. R.S. 23:967 and La. R.S. 42:1169. The court found that Mr. Goldsby did not prove his claims for intentional infliction of emotional distress and dismissed those claims. The court did find that retaliatory action took place against Mr. Goldsby for his whistleblowing activities, including requiring him to take forced leave, threatening termination, demoting him, transferring him to Dixon Correctional Institute, denying his annual merit pay raises, and terminating him from his job. The trial court found, however, that Mr. Goldsby failed to mitigate his damages by obtaining alternative employment. Accordingly, the court awarded Mr. Goldsby $20,000.00 in damages for mental anguish, ordered him reinstated at full pay and benefits, awarded attorney fees in the amount of $48,443.75, and awarded him back pay in the amount of $97,758.00 less a mitigation penalty of $30,338.00. DOC filed a motion for new trial on the issue of attorney fees, which was denied. This appeal followed.

DISCUSSION
On appeal, DOC argues that the trial court erred in finding that Mr. Goldsby has a cause of action under La. R.S. 42:1169. We agree. This whistleblower statute pertains to violations, or alleged violations, of the Code of Governmental Ethics. Here, plaintiff did not report the matter to the Ethics Commission. Thus, he cannot sue under this statute.
DOC further asserts that the trial court erred in not sustaining its declinatory exception raising the objection of prematurity and lack of subject matter jurisdiction, and its peremptory exception raising the objection of no cause of action. Defendant urges that the exceptions should have been granted because all of Mr. Goldsby's claims with respect to discipline and removal fall within the exclusive jurisdiction of the Louisiana Civil Service Commission. Again, we agree.
The other whistleblower statute applied by the trial court, La. R.S. 23:967, is available to all employees. Under that statute, an employer may not take reprisals against an employee for reporting, or refusing to participate in, a violation of state law. If the court finds that a violation occurred, the plaintiff may recover from the employer damages, reasonable attorney fees, and court costs. La. R.S. 23:967 B.
Mr. Goldsby, however, was a classified state civil service employee. Article X, § 12(A) of the Louisiana Constitution grants to the Louisiana Civil Service Commission "the exclusive power and authority to hear and decide all removal and disciplinary cases, ...." The entire thrust of the exclusive jurisdiction grant is to preclude district courts from having concurrent jurisdiction with the Civil Service Commission over classified civil service employer-employee disputes that are employment related. Foreman v. Falgout, 503 So.2d 517, 518-519 (La.App. 1st Cir. 1986). Because of La. Const. art. X, § 12(A)'s grant of exclusive jurisdiction, La. R.S. 23:967 does not apply to employment-related disputes of classified state civil service employees.
The district court had no jurisdiction in this case to address those issues that would have been addressed by the Civil Service Commission. Thus, the court could not order Mr. Goldsby's reinstatement or award him back pay, merit increases, etc. Here, because Mr. Goldsby dismissed his case before the Civil Service Commission, he will not be able to pursue these remedies. We must reverse that portion of the trial court judgment making such awards.
*239 We find that the district court did have jurisdiction under La. R.S. 23:967, however, to award compensatory damages and reasonable attorney fees. Accordingly, after a thorough review, we affirm the award of $20,000.00 for mental anguish, finding no manifest error in the same. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 n. 2 (La.1993). Further, we hereby reduce the attorney fees to a total of $15,000.00, which includes an amount for handling the case on appeal. Costs in the amount of $4,011.50 are assessed to defendant, the State of Louisiana, Department of Corrections.
REVERSED IN PART; AFFIRMED IN PART AND AMENDED; ADDITIONAL ATTORNEY FEES AWARDED.
NOTES
[1] The trial court dismissed the individual claims brought against defendants Richard Stalder, JoAnn Miler, James LeBlanc, James Alton Daniels, and Morris Easley.