McDonald, j.
12From 1997 to 2010 Dan S. Collins (a certified professional landman) and Dan S. Collins, CPL & Associates, Inc. (collectively plaintiffs or Collins) provided consulting services for land, title, and environmental research, for the Louisiana Department of Natural Resources (DNR), particularly the Atchafalaya Basin Program and the Coastal Protection and Restoration Program. Robert Benoit served as Assistant Director of the Atchafalaya Basin Program.
Starting in 2007, Mr. Collins discovered what he believed to be violations of environmental laws, rules, and regulations pertaining to the dredged water quality project known as the Bayou Pastillion Water Quality Project and the Big Bayou Pigeon Water Quality Project. Mr. Collins reported his findings to DNR, Mr. Benoit, and *45 Scott Angelle, Secretary of DNR. Both projects were conducted by the Atchafala-ya Basin Program within the basin to improve water quality for fishermen and crawfishermen. Mr. Collins believed that he discovered the real purpose of the projects was oil and gas exploration for the use and benefit of adjacent landowners.
Collins’ contract with DNR for 2009 ended, and it was not renewed for 2010. Collins filed suit on June 29, 2010, naming as defendants the State of Louisiana, through DNR, and Mr. Benoit, individually and in his capacity as Assistant Director of the Atchafalaya Basin Program at DNR, asserting that “defendants have refused to employ Petitioners and denied Petitioners the ability to continue employment with defendant DNR on account of their whistle-blowing activities regarding the violations of Federal and State laws, rules, and regulations.” Collins asserted that DNR violated La. R.S. 30:2027 (the Louisiana Environmental Whistleblower Statute) and La. R.S. 23:967 (the Louisiana Whistle-blower Statute) and that DNR and Mr. Benoit violated La. R.S. 42:1169 (the Louisiana Code of Governmental Ethics Whis-tleblower Statute). Collins | sprayed for judgment in their favor including punitive damages, triple damages as allowed by law, and attorney fees, as well as all other relief to which they were entitled, including declaratory and injunctive relief.
Defendants filed peremptory exceptions raising the objections of no cause of action as to the claims raised pursuant to La. R.S. 23:967, La. R.S. 30:2027, and La. R.S. 42:1169, which were sustained by the district court. Defendants also filed a dilatory exception raising the objection of prematurity as to the claims raised pursuant to La. R.S. 42:1169, which was denied as moot.[1] The district court gave plaintiffs thirty days to amend their petition to state a cause of action.
After plaintiffs timely amended their petition, defendants again filed peremptory exceptions raising the objections of no cause of action as to claims under La. R.S. 23:967, La. R.S. 30:2027, and La. R.S. 42:1169, which were subsequently sustained by the district court, and the plaintiffs’ claims pursuant to those statutes were dismissed.[2] The plaintiffs are appealing that judgment, and assert three assignments of error.
1) The Trial Court erred in concluding that Plaintiffs’ [sic] did not state a cause of action in their original and supplemental petitions pursuant to La. R.S. 42:1169 et seq., the Code of Governmental Ethics.
2) The Trial Court erred in concluding that Plaintiffs’ [sic] did not state a cause of action in their original and supplemental petitions pursuant to La. R.S. 30:2027, the Environmental Whistleblower Statute, when the law does not require that plaintiffs assert a specific violation or prove an actual violation of state law.
3) The Trial Court erred in concluding that Plaintiffs’ [sic] did not state a cause of action in their original and *46 supplemental petitions pursuant to La. R.S. 23:967, et seq., the Louisiana Whistleblower |4Statute, or that La, R.S, 23:967 is superseded by La. R.S. [30:2027], the Environmental Whistle-blower Statute.
THE STANDARD OF REVIEW
In reviewing a trial court’s ruling sustaining an exception raising the objection of no cause of action, the court of appeal should subject the case to de novo review because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition. In appraising the sufficiency of the petition we follow the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. City of New Orleans v. Board of Com’rs. of Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237, 253.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error, plaintiffs maintain that the district court erred in concluding that their original and supplemental petitions did not state a cause of action pursuant to La. R.S. 42:1169 et. seq., the Code of Governmental Ethics. Defendants maintained that there is no provision in the Code of Governmental Ethics that provides a private right of action. Louisiana Revised Statutes 42:1169 provides in pertinent part:
A.Any public employee who reports to a person or entity of competent authority or jurisdiction information which he reasonably believes indicates a violation of any law or of any order, rule, or regulation issued in accordance with law or any other alleged acts of impropriety related to the scope or duties of public employment or public office within any branch of state government or any political subdivision shall be free from discipline, reprisal, or threats of discipline or reprisal by the public employer for reporting such acts of alleged impropriety. No employee with authority to hire, fire, or discipline employees, supervisor, agency head, nor any elected official shall subject to reprisal or threaten to subject to reprisal any | ¡¡such public employee because of the employee’s efforts to disclose such acts of alleged impropriety.
B. (1) If any public employee is suspended, demoted, dismissed, or threatened with such suspension, demotion, or dismissal as an act of reprisal for reporting an alleged act of impropriety in violation of this Section, such employee shall report such action to the [Board of Ethics].
(2) An employee who is wrongfully suspended, demoted, or dismissed shall be entitled to reinstatement of his employment and entitled to receive any lost income and benefits for the period of any suspension, demotion, or dismissal.
C. The board shall provide written notice of the commencement of an investigation of a report of a violation of this Section to the agency head of the employee, or if the agency head is the defendant, then to an agency head of the governmental entity that supervises the agency, or if none, then to the governing authority of the governmental entity not less than ten days prior to the date set for the investigation. If the board determines, following an investigation, that it shall offer a consent opinion or conduct a public or private hearing to re *47 ceive evidence and determine whether any violation of this Section has occurred, the board shall provide written notice of the hearing or consent opinion to the agency head of the employee, or if the agency head is the defendant, then to an agency head of the governmental entity that supervises the agency, or if none, then to the governing authority of the governmental entity not less than sixty days prior to the date set for the action by the board. The employee’s agency shall cooperate in every possible manner in connection with any investigation conducted by the board. The agency shall be considered to be an indispensable party to any investigation, hearing, or consent opinion and may have legal counsel, cross-examine witnesses, call witnesses, and present evidence on its behalf.
D. Any employee with the authority to hire, fire, or discipline employees, supervisor, agency head, or elected official who violates this Section shall be subject to the same fines and penalties provided for other violations of this Chapter. In addition, if the board, following a public hearing, finds there is probable cause to believe that a person has violated a criminal law of this state, pursuant to R.S. 42:1156, the board shall forward a copy of its findings to the district attorney of the parish in which the violation occurred for appropriate action. Thereafter, notwithstanding any other provision of this Chapter, such district attorney shall have access to all records of the board relative to such findings.
E. Upon notification by the employee, the employee’s agency, the defendant, or the defendant’s agency that the employee has commenced a civil action in a district or federal court or with a federal agency with adjudicatory authority over employment complaints against his agency pursuant to R.S. 23:967(B) or other relevant state or federal statutes at any time prior to the board’s final determination Ras to whether a violation of this Section has occurred, the board shall stay any action pending before the board until a final order in the civil or adjudicatory action is issued, and the prescriptive period provided for in R.S. 42:1163 for action shall be suspended while such civil or adjudicatory action is pending and shall resume when such final order is issued. The final order of the court in the civil action or agency in an adjudicatory action, except if the action is dismissed by the plaintiff, shall resolve all matters the employee has pending before the board regarding this Section. (Emphasis added.)
Plaintiffs contend that the last sentence of La. R.S. 42:1169(E) provides for a private right of action. In support of their contention, the plaintiffs maintain that the language used in Goldsby v. State, Dept. of Corr., 2003-0343 (La.App. 1 Cir. 11/7/03), 861 So.2d 236, writs denied, 2004-0328, 2004-0330 (La.4/8/04), 870 So.2d 271, implies that there is a right of action under both La. R.S. 23:967 and La. R.S. 42:1169.
In Goldsby, this court found there was no cause of action under La. R.S. 42:1169 because the whistleblower statute pertained to violations, or alleged violations, of the Code of Governmental Ethics, and the plaintiff did not report the matter to the Ethics Commission. Goldsby, 861 So.2d at 238. The plaintiffs in the present case contend that because they did report the matter to the Ethics Commission, they have a cause of action. We find that their reliance upon Goldsby is misplaced.
An employee’s remedy under the Code of Governmental Ethics is through the Board of Ethics. See Nolan v. Jefferson Parish Hosp. Service Dist. No. 2, 01-175 *48 (La.App. 5 Cir. 6/27/01), 790 So.2d 725, 732.[3] Louisiana Revised Statutes 42:1169(E) merely provides that the final order of the court in a civil action “shall resolve all matters the employee has pending before the board regarding this Section.” Louisiana Revised Statutes 42:1169(E) refers to civil actions brought | ./‘pursuant to R.S. 23:967(B) or other relevant state or federal statutes.” Louisiana Revised Statutes 42:1169(E) does not provide an independent right of action, rather, it relies upon other statutes to provide a right of action.
After a de novo review, we find that the plaintiffs fail to state a cause of action pursuant to La. R.S. 42:1169.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, plaintiffs assert that the district court erred in concluding they did not state a cause of action in their original and supplemental petitions pursuant to La. R.S. 30:2027, the Environmental Whistleblower Statute, when the law does not require that plaintiffs assert a specific violation or prove an actual violation of state law.
Louisiana Revised Statutes 30:2027 provides:
A. No firm, business, private or public corporation, partnership, individual employer, or federal, state, or local governmental agency shall act in a retaliatory manner against an employee, acting in good faith, who does any of the following:
(1) Discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy, practice of the employer, or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of an environmental law, rule, or regulation.
(2) Provides information to, or testifies before any public body conducting an investigation, hearing, or inquiry into any environmental violation by the employer, or another employer with whom there is a business relationship, of an environmental law, rule, or regulation. B. (1) Any employee against whom any action is taken as a result of acting under Subsection A of this Section may commence a civil action in a district court of the employee’s parish of domicile, and shall recover from his employer triple damages resulting from the action taken against him and all costs of preparing, filing, prosecuting, appealing, or otherwise conducting a law suit, including attorney’s fees, if the court finds that Subsection A of this Section has been violated. In addition, the employee shall be entitled to all other civil and criminal remedies available under any other state, federal, or local law.
|s(2)(a) The term “action is taken” shall include firing, layoff, lockout, loss of promotion, loss of raise, loss of present position, loss of job duties or responsibilities, imposition of onerous duties or responsibilities, or any other action or inaction the court finds was taken as a result of a report of an environmental violation.
(b) “Damages” to be tripled pursuant to Paragraph B (l) of this Section shall be for the period of the damage, but not to exceed three years, and shall include but not be limited to lost wages, lost anticipated wages due to a wage increase, or loss of anticipated wages *49 which would have resulted from a lost promotion, and if the period of the damage exceeds three years, the employee shall thereafter be entitled to actual damages. In addition to the above, “damages” shall also include any property lost as a result of lost wages, lost benefits, and any physical or emotional damages resulting therefrom.
C. This Section shall have no application to any employee who, acting without direction from his employer or his agent, deliberately violates any provision of this Subtitle or of the regulations, or permit or license terms and conditions in pursuance thereof.
Plaintiffs filed an unlawful retaliation claim under La. R.S. 30:2027. Defendants maintain that the plaintiffs do not have a cause of action under La. R.S. 30:2027 for three reasons: 1) plaintiffs failed to allege a violation of a specific environmental law; 2) plaintiffs did not suffer an adverse action covered under the purview of La. R.S. 30:2027; and 3) plaintiffs are not employees that are covered under the purview of La. R.S. 30:2027. We consider each of these arguments in turn.

1) Plaintiffs failed to allege a violation of a specific environmental law.

First, defendants contend that the plaintiffs have failed to allege a violation of a specific environmental law. The language of La. R.S. 30:2027(A)(1) supports five requirements for a cause of action: 1) employee acts in good faith; 2) employee reports, or threatens to report, a violation; 3) employee reasonably believes the activity, policy, or practice undertaken by his employer, or another employer with whom there is a business relationship with his employer, is a violation of an environmental law; 4) employee reports, or threatens to report, the violation to a supervisor or to a public body of the employer; and 5) employer acts |9in retaliatory manner because the employee reported, or threatened to report, a violation.
To require a plaintiff to know specifically what law is being violated would seem to render the “good faith” and “reasonably believe” portions of the law superfluous. These two requirements would serve no purpose if the employee had to know exactly what provision of the law was being violated.
The purpose of the Louisiana Environmental Whistleblower Statute, La. R.S. 30:2027, is to protect employees from retaliatory action or other adverse employment action by employers for reporting possible environmental violations. Chiro v. Harmony Corp., 99-0453 (La.App. 1 Cir. 11/5/99), 745 So.2d 1198, 1200, writ denied, 99-3346 (La.1/28/00), 753 So.2d 840 (emphasis added). It would frustrate the purpose of the Jaw to require the specificity that the defendant asks for.
In their petitions, the plaintiffs asserted in part:
8.
Indeed, Petitioners submit that defendant DNR allowed the Bayou Postillion dredge project to proceed knowing that the information submitted for the Army Corps of Engineers (ACOE) Permit was incorrect. Specifically, the permit listed the name of “Sandra Thompson Deco-teau”, individually, instead of DNR, and intentionally listed the incorrect Parish of “St. Martin” instead of “Iberia”, meaning that the public and opponents that had submitted complaints that the Bayou Postillion Project was, in reality, the creation of an oil and gas access canal, to the State Land Office prior to dredging, were deliberately mislead and the ACOE permit was issued on a false and incomplete basis.
9.
*50 Petitioners submit that defendant DNR intentionally withheld the fact that the Bayou Postillion Project’s primary purpose was to facilitate oil and gas exploration activities within the Atchafa-laya Basin — and not water quality — and on the adjacent lands, including the Kyle-Peterman Management tracts.
[[Image here]]
14.
Defendant DNR failed to follow the law and regulations, specifically leading to mitigation violations, loss of wetland ecologies, and inappropriate and insufficient compensatory mitigation creating | mhundreds of thousands to millions of dollars in mitigation costs within the Atchafalaya Basin, all constituting serious violations of State and Federal environmental laws, rules, and regulations.
[[Image here]]
35.
Petitioners contend that the Defendants violated Federal and State law, rules, and regulations, based on the allegations contained herein, including, but not limited to, the following:
1. The Clean Water Act: 40 CFR 230 et seq. (33 USC § 403-404);
2. The False Claims Act;
3. La. R.S. 30:61, et seq. and 30:2071, et seq., Louisiana Water Control Law;
4. La. R.S. 30:123.1, 30:126, 30:128, and 30:148.4 regarding registration of prospective leaseholders, advertisements for lease, application for fee, inspection, quantity of land, and transfers or assignments of interest;
5. Louisiana Administrative Code 43:1, Subchapter B, Sections 701, 707, 709, 711, 717, and 719 regarding various coastal use guidelines;
6. Louisiana Administrative Code 43:1, Subchapter A, Sections 901-903 regarding nomination, bidding, and assignments and other transfers of interest;
7. Louisiana Administrative Code 43:1, Subchapter C, Sections 723-724 regarding Coastal Use Permits and Mitigation; and
8. La. Const. Art. DC, Sec. 4(A).
We find that the petitions adequately specified possible environmental law violations.

2) Plaintiffs have not suffered an adverse action under the purview of La. R.S 30:2027

In their second argument, defendants contend that the plaintiffs have not suffered an adverse action under the purview of La. R.S. 30:2027. The defendants cite Chiro v. Harmony Corp., 745 So.2d 1198, as authority that the non-renewal of an employment contract is not an adverse action. However, we find that Chiro is distinguishable. In Chiro, the plaintiff voluntarily quit his job as a means of | nprotest, and then sued after the company did not rehire him until six months later.[4] This court in Chiro found that the plaintiff was not an employee whenever the alleged wrong occurred (failure to rehire for reporting violations to OSHA). Further, this court stated that “even if we were to conclude that Chiro remained an employee under the statute after he resigned his employment, there is nothing in the record to indicate that Harmony refused to hire him.” Chiro, 745 So.2d at 1201, n. 5
In the present case, plaintiffs did not quit as a means of protest; their contract *51 simply lapsed. They also sought to have their contract renewed immediately, not months later. Finally, and most importantly, the present plaintiffs’ contract was term-based and was not renewed, while in Chiro it did not matter if the plaintiffs contract was term-based, because he quit.
Under the plain language of La. R.S. 30:2027(2)(a), the defendants do not have to perform an affirmative act to be liable. If the plaintiffs can prove that their contract was not renewed (an inaction on the part of the defendants) because of their reporting of an environmental violation, then they would have a cause of action, assuming they meet the rest of the statutory requirements.

3) Plaintiffs are not employees that are covered under the purview of La. R.S. 30:2027

Defendants contend that the plaintiffs are not employees that are covered under the purview of La. R.S. 30:2027. The term “employee” is not defined in La. R.S. 30:2027. In their petition plaintiffs state that “from 1997 through the present, Petitioners acted in the capacities as public employees (contracting parties) of defendant DNR providing consulting land related research and duties.”
|1gTaking this assertion in the light most favorable to the plaintiffs and with every doubt resolved on their behalf, we cannot say that the plaintiffs do not state a cause of action under the purview of La. R.S. 30:3027.
Therefore, after a de novo review, we find that the district court erred in finding that the petition failed to state a cause of action pursuant to La. R.S. 30:2027. This assignment of error has merit.
ASSIGNMENT OF ERROR NO. 3
The plaintiffs contend that the trial court erred in finding that they had no cause of action under La. R.S. 23:967, the Louisiana Whistleblower Statute. Plaintiffs maintain that La. R.S. 23:967 is not superseded by La. R.S. 30:2027.
Louisiana Revised Statutes 23:967 states in pertinent part:
A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
(1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.
IB. An employee may commence a civil action in a district court where the violation occurred against any employer who engages in a practice prohibited by Subsection A of this Section. If the court finds the provisions of Subsection A of this. Section have been violated, the plaintiff may recover from the employer damages, reasonable attorney fees, and court costs.
C. For the purposes of this Section, the following terms shall have the definitions ascribed below:
(1) “Reprisal” includes firing, layoff, loss of benefits, or any discriminatory action the court finds was taken as a result of an action by the employee that is protected under Subsection A of this Section; however, nothing in this Section shall prohibit an employer from enforcing an established employment policy, procedure, or practice or exempt an employee from compliance with such.
b(2) “Damages” include compensatory damages, back pay, benefits, rein *52 statement, reasonable attorney fees, and court costs resulting from the reprisal.
D. If suit or complaint is brought in bad faith or if it should be determined by a court that the employer’s act or practice was not in violation of the law, the employer may be entitled to reasonable attorney fees and court costs from the employee.
The scope of La. R.S. 23:967 is broad. It protects employees who disclose, or threaten to disclose, acts in violation of law, employees who testify or provide information about acts in violation of law, or employees who refuse to participate in an act which violates the law.
Louisiana Revised Statutes 30:2027 states in pertinent part:
A. No firm, business, private or public corporation, partnership, individual employer, or federal, state, or local governmental agency shall act in a retaliatory manner against an employee, acting in good faith, who does any of the following:
(1) Discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy, practice of the employer, or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of an environmental law, rule, or regulation.
(2) Provides information to, or testifies before any public body conducting an investigation, hearing, or inquiry into any environmental violation by the employer, or another employer with whom there is a business relationship, of an environmental law, rule, or regulation.
The scope of La. R.S. 30:2027 is more specific. It only protects employees who disclose, or threaten to disclose, acts in violation of an environmental law or employees who testify or provide information about acts in violation of an environmental law.
As stated under well-established principles of statutory construction, where there is a general statute and a specific statute addressing the same subject matter, such as La. R.S. 30:2027 and La. R.S. 23:967, the more specific statute should govern. Barber v. Marine Drilling Management, Inc., 01-1986 (E.D.La.2/15/02), 2002 WL 237848 (unpublished). Thus, we find that La. R.S. 30:2027 supersedes La. R.S. 23:967 in regard to this claim.
Therefore, after a de novo review, we find that plaintiffs failed to state a cause of action under La. R.S. 23:967. This assignment of error has no merit.
DECREE
For the foregoing reasons, that portion of the district court judgment ruling that the plaintiffs failed to state a cause of action pursuant to La. R.S. 42:1169 is affirmed; that portion of the judgment ruling that the plaintiffs failed to state a cause of action pursuant to La. R.S. 30:2027 is reversed; and that portion of the judgment ruling that the plaintiffs failed to state a cause of action pursuant to La. R.S. 23:967 is affirmed.
Thus, the district court judgment is affirmed in part, reversed in part, and remanded to the district court. Costs are assessed against plaintiffs.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
KUHN, J., concurs in the result.

. Plaintiffs also asserted a 42 U.S.C. § 1983 claim against Mr. Benoit, asserting that he "violated their clearly established rights pursuant to the 1st Amendment, to report and oppose unlawful conduct, and pursuant to the 14th Amendment,’ to due process of laws and to one's good name and reputation.” DNR and Mr. Benoit later filed a motion for summary judgment to dismiss all of plaintiffs' remaining claims in the suit. The district court granted the motion for summary judgment, and plaintiffs filed an appeal. That matter is pending in a separate appeal, 2013 CA 0284.

. DNR also filed a dilatory exception of insufficiency of service of process, which was denied as moot.

. In Nolan, the court concluded that ‘‘[w]e find no provision for any private right of action under the Code of Governmental Ethics; the employee’s remedy is to complain to the Board of Ethics, which then investigates and takes action to protect the employee, if appropriate.” Nolan, 790 So.2d at 732.

. In Chiro, the plaintiff was eventually rehired, albeit for less money then he was previ-ouslypaid. Chiro, 745 So.2d at 1199.