McDonald, j.
| gThis is an appeal from a jury verdict and a district court judgment finding that plaintiffs were employees of the State engaged in an activity protected by La. R.S. 30:2027 (the Louisiana Environmental Whistleblower Statute), that plaintiffs suffered an adverse action that occurred as a result of complaints by the plaintiffs of environmental violations, that a defendant, the Louisiana Department of Natural Resources (DNR) was liable to the plaintiffs for violating La. R.S. 30:2027, and awarding plaintiffs damages. After review, finding that the plaintiffs were not employees pursuant to La. R.S. 30:2027, we reverse the jury, verdict and the district court judgment and render judgment in favor of DNR, dismissing plaintiffs’ claims against it under La. R.S. 30:2027.[1]
FACTS AND PROCEDURAL HISTORY
From 1997 to 2010, Dan S. Collins (a certified professional landman) and Dan S. Collins, CPL and Associates, Inc. (collectively plaintiffs or Collins) provided consulting services for land, title, and environmental research for DNR, particularly the Atchafalaya Basin Program and the Coastal Protection and Restoration Program. Robert Benoit served as Assistant Director of the Atchafalaya Basin Program.
Starting in 2007, Mr. Collins discovered what he believed were violations of environmental laws, rules, and regulations pertaining to the dredged water quality project known as the Bayou Postillion Water Quality Project and the Big Bayou Pigeon Water Quality Project. Mr. Collins reported his findings to DNR, Mr. Benoitf and Scott Angelle, Secretary of DNR. Both projects were conducted by the Atchafala-ya Basin Program within the basin to improve water quality for | .¿fishermen and crawfishermen. Mr. Collins believed that he discovered the real purpose of the projects was oil and gas exploration for the use and benefit of adjacent landowners.
Collins’ contract with DNR for 2009 ended, and it was not renewed for 2010. Collins filed suit on June 29, 2010, naming as defendants the State of Louisiana, through DNR, and Mr. Benoit, individually and in his capacity as Assistant Director of the Atchafalaya Basin Program at DNR, asserting that “defendants have refused to employ Petitioners and denied Petitioners the ability to continue employment with defendant DNR on account of their whistle-blowing activities regarding the violations of Federal and State laws, rules, and regulations.” Collins asserted that DNR violated La. R.S. 30:2027 and La. R.S. 23:967 (the Louisiana Whistleblower Statute) and that DNR and Mr. Benoit violated La. R.S. 42:1169 (the Louisiana Code of Governmental Ethics Whistleblower Statute). Collins prayed for judgment in their favor including punitive damages, triple damages as allowed by law, and attorney fees, as well as all other relief to which they were entitled, including declaratory and injunctive relief.
Defendants filed peremptory exceptions raising the objections of no cause of action as to the claims raised pursuant to La. R.S. 23:967, La. R.S. 30:2027, and La. R.S. 42:1169, which were sustained by the district court, and the plaintiffs’ claims pursuant to those statutes were dismissed. Collins v. State ex rel. Dep’t of Nat. Res., *94 2012-1031 (La.App. 1 Cir. 5/30/13), 118 So.3d 43, 45. On appeal, this court affirmed the district court ruling that plaintiffs had failed to state a cause of action pursuant to La. R.S. 42:1169 and La. R.S. 23:967. Collins, 118 So.3d at 52. This court reversed the district court ruling that the plaintiffs had failed to state a cause of action pursuant to La. R.S. 30:2027, noting that plaintiffs alleged employee status, that the allegations had to be taken in the light most favorable to |4the plaintiffs, and that non-renewal of an alleged employment agreement could state a cause of action for retaliation, assuming the plaintiffs met the rest of the statutory requirements.[2] Collins, 118 So.3d at 48-51. The La. R.S. 30:2027 claims were remanded to the district court. Collins, 118 So.3d at 52.
Thereafter, DNR filed a motion for summary judgment on February 3,2014, based upon plaintiffs' lack of employee status, failure to pursue administrative remedies, prescription, and lack of evidence of retaliation. The district court denied the motion for summary judgment in open court on May 5, 2014, and signed a judgment in conformity therewith on- June 10, 2014.
DNR filed an application for supervisory writs with this court, which was denied. Dan Collins v. State through Dep’t of Nat. Res., 2014-0819 (La. App. 1 Cir. 8/11/14) (unpublished writ action)'. DNR thereafter filed an application for supervisory ^nd/or remedial writs with the Louisiana Supreme Court, which was also denied. Dan Collins v. State through Dep’t of Nat. Res., 2014-1898 (La. 12/8/14), 153 So.3d 442.
The case proceeded to trial on the La. R.S. 30:2027 environmental whistleblower claims. A jury trial was held from December 8 to 11, 2015. The jury returned a verdict in favor of the plaintiffs and against DNR, finding that plaintiffs were employees of DNR who reported what they believed to be environmental violations, and as a result of their reports, they suffered retaliation from DNR. The jury awarded plaintiffs $250,000.00 in lost wages by verdict form dated December 11, 2015.
The district court thereafter signed a judgment on January 26, 2016, in favor of plaintiffs and against DNR, awarding plaintiffs $750,000.00 in damages,- which included $250,000.00 for loss of earnings and/or loss of anticipated wages, plus Illegal interest on that amount from date of judicial demand until paid, and $500,000.00 (to provide triple damages as provided for in La. R.S. 30:2027(B)(1)); plus legal interest on that amount from date of judgment until paid. DNR filed a motion for judgment notwithstanding the verdict (JNOV) and a motion for new trial, which were denied in open court on April 18, 2016. A judgment to that effect was signed on May 26, 2016. DNR appealed the jury verdict form and the January 26', 2016 judgment.
PENDING MOTION
DNR filed a motion to strike statements made on page 25 and pages 29 through 30 of plaintiffs’ appellee brief, asserting that these statements are contrary to the requirements of Rule 3.3(a)(1) of the Rules of Professional Conduct, which states that lawyers shall not “knowingly make a false statement of fact ... to a tribunal.” DNR asserts that these portions of plaintiffs’ brief contain testimony which plaintiffs attributed to Toni Debossier (a former employee of DNR), which serves to give the *95 false impression that Ms. Debossier was relieved of her position or transferred due to complaints about Bayou Postillion. DNR asserts that the statements attributed to Ms. Debossier by plaintiffs were, in fact, made by Mr. Collins and that in her deposition Ms. Debossier explained that Secretary Angelle hired her to work for DNR after she left the Department of Agriculture and Forestry, that Secretary Angelle asked her to look into the project to see if any laws had been broken, and that she found no violations of law.
In opposition to the motion to strike, plaintiffs assert that DNR’s accusations are false and that the jury did, in fact, hear testimony that Ms. Debossier was a DNR employee, that she informed Mr. Collins that she had been terminated because of information that she brought forward, and that she was told she would be transferred. Plaintiffs maintain that DNR failed to take advantage of its full and |flfair opportunity to cross-examine Mr. Collins’ cited testimony during trial.- Plaintiffs ask that DNR’s motion be denied and that they be awarded the costs of opposing the motion to strike.
An appellate court must render its judgment upon the record on appeal. La. C.C.P. art. 2164. We cannot review evidence that is not in the record, nor can we receive new evidence. This court has no authority to consider on appeal facts referred to in appellate briefs if those facts are not in the record on appeal. In re Succession of Badeaux, 2008-1085 (La. App. 1 Cir. 3/27/09), 12 So.3d 348, 352, writ denied, 2009-0822 (La. 5/29/09), 9 So.3d 166. This court can read the briefs and can determine for itself what facts are in the record. DNR’s motion to strike is denied. The plaintiffs’ request for an award of the costs of opposing the motion to strike is also denied.
THE APPEAL
In its appeal, DNR makes the following assignments of error.
1. It was error for the Trial court to deny DNR’s Motion for Summary Judgment on Prescription, and the evidence at trial shows the claims to be prescribed.
2. It was "error for the Trial Court to deny DNR’s Motion for Summary Judgment on Plaintiffs’ failure to pursue administrative remedies, and the evidence at Trial showed that all claims arising from the rejection of Plaintiffs’ 2008 and 2010 bids were waived.
3. The Trial Court committed consequential error by admitting evidence over objection and overruling pretrial Motions in Limine to exclude:
— Evidence containing summaries of Louisiana whistleblower law obtained by Plaintiffs from the internet;
— Evidence of contracts denied more than one year prior to suit; and
— Evidence of contracts denied where no administrative appeal was taken.
4. The jury erred in finding that . Plaintiffs were employees of DNR.
5. The Trial Court erred in denying DNR’s Motion for Summary Judgment on lack of retaliation, and the jury erred in finding that Plaintiffs had suffered adverse job action because of complaints about pBayou Postillion.
Louisiana Revised Statutes 30:2027 provide:
A. No firm, business, private or public corporation, partnership, individual employer, or federal, state, or local governmental agency shall act in a retaliatory *96 manner against an employee, acting in good faith, who does any of the following:
(1) Discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy, practice of the employer, or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of an environmental law, rule, or regulation.
(2) Provides information to, or testifies before any public body conducting an investigation, hearing, or inquiry into any environmental violation by the employer, or another employer with whom there is a business relationship, of an environmental law, rule, or regulation. B. (1) Any employee against whom any action is taken as a result of acting under Subsection A of this Section may commence a civil action in a district court of the employee’s parish of domicile, and shall recover from his employer triple damages resulting from the action taken against him and all costs of preparing, filing, prosecuting, appealing, or otherwise conducting a law suit, including attorney’s fees, if the court finds that Subsection A of this Section has been violated. In addition, the employee shall be entitled to all other civil and criminal remedies available under any other state, federal, or local law.
(2)(a) The term “action is taken” shall include firing, layoff, lockout, loss of promotion, loss of raise, loss of present position, loss of job duties or responsibilities, imposition of onerous duties or responsibilities, or any other action or inaction the court finds was taken as a result of a report of an environmental violation.
(b) “Damages” to be tripled pursuant to Paragraph B(l) of this Section shall be for the period of the damage, but not to exceed three years, and shall include but not be limited to lost wages, lost anticipated wages due to a wage increase, or loss of anticipated wages which would have resulted from a lost promotion, and if the period of the damage exceeds three years, the employee shall thereafter be entitled to actual damages. In addition to the above, “damages” shall also include any property lost as a result of lost wages, lost benefits, and any physical or emotional damages resulting therefrom.
C. This Section shall have no application to any employee who, acting without direction from his employer or his agent, deliberately violates any provision of this Subtitle or of the regulations, or permit or license terms and conditions in pursuance thereof.
I «ASSIGNMENT OF ERROR NO. 4
In this assignment of error, DNR asserts that the jury erred in finding that plaintiffs were employees of DNR. In their memorandum in opposition to DNR’s exceptions of no cause of action and prematurity, and in their memorandum in opposition to DNR’s exceptions to their supplemental and amending petition, as well as in their brief to this court in a prior appeal in this case, Collins, 118 So.3d 43, plaintiffs stated that they were “employed as the consulting landman contractor” for DNR and that they “provided consulting services for land related research.” Thus, plaintiffs have conceded that their claims arise out of a contractual relationship, rather than an employer-employee relationship. Thus, they cannot pursue an action under La. R.S. 30:2027, as it is a statute that is intended to protect employees from adversary action or other adverse action by employers for reporting possible environmental violations. See Chiro v. Harmony Corp., 99-0453 (La.App. 1 *97 Cir. 11/5/99), 745 So.2d 1198, 1200, writ denied, 99-8346 (La. 1/28/00), 758 So.2d 840.
In that prior appeal, this court found that “employee” is not defined in La. R.S. 30:2027, and taking the plaintiffs’ statement in their petition that “from 1997 through the present, Petitioners acted in the capacities as public employees ■ (contracting parties) of defendant DNR providing consulting land related research and duties” in the light most favorable to plaintiffs and with every doubt resolved on their behalf, we could not say that plaintiffs did not state a cause of action under the purview of La. R.S. 30:2027. Collins, 118 So.3d at 51. However, in his concurrence, Judge Kuhn noted that “in their appellate brief, plaintiffs have conceded that their claims arise out of a contractual relationship rather than that of employer-employee. Thus, I believe that plaintiffs will be unable to recover any relief against defendants.” Collins, 118 So.3d at 53.
Un the present appeal, the plaintiffs state in their brief that Mr. Collins and his firm were “treated as public employees who performed contract work.” Notwithstanding our determination that plaintiffs have already conceded to this court in the record in this appeal and in a prior appeal of this case that they were independent contractors rather than employees, a review of the record also shows that plaintiffs were independent contractors.
In O’Bannon v. Moriah Technologies, Inc., 2015-1460 (La.App. 1 Cir. 6/3/16), 196 So.3d 127, this court discussed the distinction between an employee and an independent contractor:
The distinction between an employee and an independent contractor is a factual determination that must be decided on a case-by-case basis. Tower Credit, Inc. v. Carpenter, 2001-2875, (La.9/4/02), 825 So.2d 1125, 1129. In determining whether the relationship is one of principal and independent contractor, the courts consider whether the following factors are present: (1) a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ nonexclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) the existence of a specific price for the overall undertaking; and (5) the specific time or duration is agreed upon and not subject to termination at the will of either side without liability for its breach. See Tower Credit, Inc., 825 So.2d at 1129, citing Hickman v. Southern Pacific Transport Company, 262 La. 102, 117, 262 So.2d 385, 390-391 (1972).
The principal test in determining whether someone is an independent contractor is the degree of control over the work reserved by the employer. Hickman, 262 La. at 117, 262 So.2d at 391. This court has stated that “it is not the supervision and control actually exercised which is significant, but whether, from the nature of the relationship, the right to exercise such control exists.” Hulbert v. Democratic State Central Committee of Louisiana, 2010-1910 (La. App. 1 Cir. 6/10/11), 68 So.3d 667, 670, writ denied, 2011-1520 (La. 10/7/11), 71 So.3d 316. Yet, while the essence of the employer-employee relationship is the right to control; no one factor listed above is controlling, and the court should consider the totality of the circumstances in determining whether an employer-employee relationship exists. Hulbert, 68 So.3d at 671. The burden of *98 proof is on the party seeking to establish an employer-employee relationship. Hulbert, 68 So.3d at 670.
O’Bannon, 2016-1460, 196 So.3d at 134-135.
|1nThus, we look at the totality of the circumstances in this case. The facts of this case show that Mr. Collins testified that work for DNR was performed by himself and his corporation. Mr. Collins testified that he considered himself to be a contractor. Between 1997 arid 2009, the corporation did work for other clients besides DNR. After 2002, all of the DNR contracts at issue were with the corporation. The corporation itself was acknowledged to be an employer in the contracts, agreeing that it would not discriminate in its employment practices. All of the contracts were for specific time periods, with start and cessation dates. The plaintiffs were responsible for all taxes on payments received from DNR. The corporation was issued 1099 tax forms rather than W-2 tax forms. The contracts required the corporation to carry liability and workers’ compensation insurance. Pursuant to the contracts, the corporation submitted monthly invoices, accompanied by progress reports, to DNR in order to receive payment. No vacation, sick leave, or retirement benefits accrued. The contracts required the corporation to provide the necessary personnel, materials, services, and facilities to perform the work. None of the contracts were terminated early, all expired of their own accord.
Furthermore, former La. R.S. 39:1498A(3) (now La. R.S. 39:1624(A)(3)) required the Office on Contractual Review (now the state chief procurement officer or an^ assistant) to reject any contract unless it determined that “the contract will not establish an employer/employee .relationship between the state or the using agency and any prospective contractor”, and the corporation acknowledged in the contracts that it had not and would not employ any state employee in the performance of the contracts. .
Our review of the record and application of the law reveals that the plaintiffs were clearly independent contractors and not DNR employees.
InWhile plaintiffs assert that they should be considered DNR employees because they were subject to the Louisiana Code of Governmental Ethics, La. R.S.‘ 42:1102(18), the scope of the Louisiana Code of Governmental Ethics Code differs from' that of La. R.S. 30:2027; thus, we do not find this argument persuasive.
After a thorough review of the record, we find that the jury committed manifest error[3] in finding that plaintiffs were employees of the DNR, rather than independent contractors.[4] Thus, after finding that the plaintiffs were not employees of DNR, we reverse the jury verdict and the district court judgment rendered against DNR and in favor of plaintiffs, and we render judgment in favor of DNR and against plaintiffs, dismissing the case. The exception raising the objection of prescription *99 filed by DNR with this court is rendered moot.
CONCLUSION
For the foregoing reasons, the motion to strike is denied. The jury verdict and the district court judgment rendered against the State of Louisiana, through the Department of Natural Resources, and in favor of Dan S. Collins and Dan S. Collins, CPL and Associates, Inc., is reversed, and judgment is granted in favor of DNR and against Dan S. Collins and Dan S. Collins, CPL and Associates, Inc,, dismissing the case. The exception raising the objection of prescription filed with this court is rendered moot. Costs of this appeal are assessed against Dan S. Collins and Dan S. Collins, CPL and Associates, Inc.
MOTION DENIED; JUDGMENT REVERSED; EXCEPTION RENDERED MOOT.

. In a companion case, Dan S. Collins v. State of Louisiana, through Department of Natural Resources, 2016-1196 (La.App. 1 Cir. 4/28/17), 2017 WL 1591634 (unpublished), handed down this same day, we reverse a • district court judgment rendered in favor of plaintiffs and against DNR, awarding costs and attorney fees associated with this case.

, In a related case, this court affirmed the district court's dismissal of. plaintiffs’ ■ 42 U.S.C. § 1983 claims on summary judgment. Collins v. State ex rel Dep’t of Nat. Res., 2013-0284 (La.App. 1 Cir. 12/20/13), 2013 WL 6795633,

. While DNR asserts that the district court erred in not granting its motion for summary judgment (which motion was based in part on the assertion that plaintiffs were not DNR employees), assignment of error number four specifically states that the jury manifestly erred in finding that the plaintiffs were DNR employees. Thus, we have chosen to use the manifest error standard of review on the issue of whether plaintiffs were employees, rather than the de novo standard of review used in a summary judgment. Under either standard of review, we reach the same result.

. In light of this finding, we pretermit discussion of DNR’s other assignments of error.