HIGGINBOTHAM, J.
|2The trial court dismissed the plaintiffs’ claims on summary judgment, ruling that a motel could not be held vicariously liable for the actions of an independent contractor working as a security guard at the motel. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Deputy Zathan V. Boutan, of the West Baton Rouge Parish Sheriffs Office (hereafter referred to as the “Sheriffs Office”), contracted for and coordinated an extra-duty security detail at the Motel 6 in Port Allen, Louisiana. Deputy Boutan sometimes worked the nightly security shift himself, but he also scheduled other deputies to cover the shifts that were paid by the Motel 6. All of the deputies drove their Sheriffs Office patrol cars and wore their Sheriffs Office deputy uniforms, complete with weapons and mace/pepper spray, while working the Motel 6 extra-duty security detail. The Motel 6 did not provide any training to the deputies, but merely supplied each deputy with a radio and. a schedule that outlined a security checklist • regarding doors and lights around the premises. The deputies had control over the order and timing for performing the items on the checklist during the extra-duty shifts.
Before the scheduled night shift on July 31, 2009, the Motel 6 manager contacted Deputy Boutan at his home in order to discuss a problem at the Motel 6 pool where a motel guest was apparently hosting a children’s pool party. Deputy Bou-tan arrived at the Motel 6 in his patrol car and dressed in his extra-duty deputy uniform. Upon arrival, Deputy Boutan proceeded to confront the Motel 6 guest, Brian Ruffin, about having too many guests for the two rooms Ruffin had purchased *504 for the night. Deputy Boutan informed Ruffin that he and his guests had thirty minutes to vacate the pool. According to Deputy Boutan, Ruffin began cursing, yelling, threatening, and generally disturbing the peace. Deputy Boutan surmised from Ruffin’s demeanor that Ruffin was a problem, so he instructed pRuffin to either leave the Motel 6 premises or be subject to arrest. However, the Motel 6 manager never directed Deputy Boutan to arrest anyone in connection with the incident. When Ruffin demanded a refund of his money, Deputy Boutan escorted him to the Motel 6 front desk. Deputy Boutan further directed Ruffin to leave the premises as soon as all of the parents returned to retrieve their children.
Ruffin contacted Lionel Butler to notify him that he needed to come to the Motel 6 to pick up his child. When Butler arrived, he questioned Deputy Boutan about why the children had to leave the pool. According to Deputy Boutan, Butler smelled of alcohol and he clenched his fist as a verbal confrontation ensued between him and Deputy Boutan. Immediately fearing for his safety, Deputy Boutan used pepper spray on Butler to attempt to de-escalate the situation. Deputy Boutan then proceeded to arrest both Butler and Ruffin for remaining on the premises after being told to leave and for public intimidation of a police officer. Following Sheriffs Office policy, Deputy Boutan called for backup assistance, placed handcuffs on Butler and Ruffin, and situated them both in his patrol car. Butler’s wife and children allegedly witnessed the entire arrest incident. The criminal charges against Butler and Ruffin were later dismissed.
Ruffin and Butler, along with Butler’s wife and two minor children (collectively referred to as the plaintiffs), filed a petition for damages against Motel 6 Operating L.P. and Accor North America, Inc. (collectively referred to as the “Motel 6”) and Deputy Boutan.[1] The petition alleged that Ruffin and Butler sustained personal injuries and that Butler’s wife and children sustained bystander damages due to the fault of Deputy Boutan. The petition also alleged that the Motel 6 was vicariously liable for the actions of Deputy Boutan for wrongful arrest, false imprisonment, battery, assault, and intentional infliction of emotional distress.
|4The Motel 6 filed a motion for summary judgment, seeking dismissal of the claims against it on the basis that Deputy Boutan was an independent contractor in his role as a security guard at the Motel 6, and therefore, the Motel 6 could not be held vicariously liable for Deputy Boutan’s actions. Specifically, the Motel 6 asserts there was no employer/employee relationship between it and Deputy Boutan. In opposition, the plaintiffs contend that Deputy Boutan was an employee of the Motel 6, since the Sheriffs Office deputies were paid directly by the Motel 6 and the Motel 6 management determined the dates and duration of each extra-duty shift worked by the deputies, as well as the duties the deputies were required to perform while working each shift. In support of its motion, the Motel 6 relied on the deposition testimony of Deputy Boutan and his official narrative report that he filed with the Sheriffs Office. In opposition, the plaintiffs relied on excerpts from Deputy Bou-tan’s deposition testimony, along with excerpts from the deposition testimony of Lisa Carpino, the general manager of the Motel 6.
*505 The trial court initially denied the Motel 6’s motion for summary judgment, prompting an application for a writ of supervisory review that eventually led this court to vacate that judgment for procedural irregularities, and to remand to the trial court for further proceedings. See Butler v. Boutan, 2013-0260 (La.App. 1st Cir.12/5/13)(unpublished). The Motel 6 re-urged the identical motion for summary judgment a second time. After a hearing on the matter, the trial court granted summary judgment in favor of the Motel 6, finding that Deputy Boutan was an independent contractor and dismissing all of the plaintiffs’ claims against the Motel 6 with prejudice. The plaintiffs appeal, asserting that the trial court erred in finding that Deputy Boutan was an independent contractor, because he was supervised and controlled by the Motel 6 management.
STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s determination of whether summary judgment is | ^appropriate. Shelton v. Standard/700 Associates, 2001-0587 (La.10/16/01), 798 So.2d 60, 64-65; Cowart v. Lakewood Quarters Ltd. Partnership, 2006-1530 (La. App. 1st Cir.5/4/07), 961 So.2d 1212, 1214. A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(B)(2); Dickerson v. Piccadilly Restaurants, Inc., 99-2633 (La.App. 1st Cir.12/22/00), 785 So.2d 842, 844. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is “material” for summary judgment purposes can be seen only in light of the substantive law applicable to the case. Dickerson, 785 So.2d at 844.
DISCUSSION
Louisiana law governing the vicarious liability of an employer generally provides that employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed. La. Civ.Code art. 2320. For an employer to be held liable for the actions of an employee under article 2320, the plaintiffs must show that an employer-employee relationship existed and that the tortious act was committed within the scope and during the course of* employment. Hughes v. Goodreau, 2001-2107 (La.App. 1st Cir.12/31/02), 836 So.2d 649, 656, writ denied, 2003-0232 (La.4/21/03), 841 So.2d 793.
However, a well-established general rule under Louisiana law is that an employer is not liable for the torts committed by an individual who is an independent contractor in the course of performing his contractual duties. Triplette v. Exxon Corp., 554 So.2d 1361, 1362 (La.App. 1st Cir.1989). Yet, there is an equally well-established exception to this rule in that an employer may | fibe liable if it maintains operational control over the activity in question.[2] See Triplette, 554 So.2d at 1363. Although courts look to the totality of the circumstances when determining whether an employment relationship exists, the single most important factor is the right of the employer to control the work of the employee. See Davis v. State Farm, Ins. Co., 558 So.2d 636, 639 (La.App. *506 1st Cir.1990). The burden of proof lies with the party seeking to establish an employer-employee relationship. Hillman v. Comm-Care, Inc., 2001-1140 (La.1/15/02), 805 So.2d 1157, 1163.
The distinction between an employee and an independent contractor is a factual determination that must be decided on a case-by-case basis. Tower Credit, Inc. v. Carpenter, 2001-2875 (La.9/4/02), 825 So.2d 1125, 1129; Hulbert v. Democratic State Central Committee of Louisiana, 2010-1910 (La.App. 1st Cir.6/10/11), 68 So.3d 667, 670, writ denied, 2011-1520 (La.10/7/11), 71 So.3d 316. In determining whether an independent contractor relationship exists, courts consider the following factors: (1) a valid contract exists between the parties; (2) the work is of an independent nature; (3) the contract allows for the work to be done according to the contractor’s own methods, without being subject to control and direction except as to the result of the services to be rendered; (4) a specific price for the overall undertaking is agreed upon; and (5) the duration of the work is for a specific time and not subject to termination at the will of either party. See Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385, 390-91 (1972); Hulbert, 68 So.3d at 670. In other words, to determine whether someone is an independent contractor, the court must look at the degree of control over the work. Sasser v. Wintz, 2011-2022 (La.App. 1st Cir.9/4/12), 102 So.3d 842, 848 (citing Roca v. Security Nat. Properties-Louisiana Ltd. Partnership, 2011-1188 (Laj 7App. 1st Cir.2/10/12), 102 So.3d 778, 781, writ denied, 2013-0233 (La.4/1/13), 110 So.3d 583).
We reiterate, however, that it is not the supervision and control actually exercised that is significant, but whether, the right to exercise such control and supervision over the individual exists. Sas-ser, 102 So.3d at 848-49; Hulbert, 68 So.3d at 670. The court should consider the totality of the circumstances in deciding whether an employer-employee relationship exists or whether it is an instance where the individual has independent contractor status. See Hulbert, 68 So.3d at 671.
The evidence submitted in support of the Motel 6’s motion for summary judgment reveals that when Deputy Boutan arrested Ruffin and Butler, he was conducting an official duty as a Sheriffs Office deputy, not as a security guard at the Motel 6. This material fact is supported by the official narrative report submitted by Deputy Boutan to the Sheriffs Office regarding the arrests of Ruffin and Butler. The evidence shows that the Motel 6 management did not direct Deputy Boutan to arrest any of the people involved with the incident. Further, Deputy Boutan testified that he would have arrested Ruffin and Butler for their threatening behavior if he had been called out to the scene by the Sheriffs Office. Deputy Boutan also testified that during his encounter with Ruffin and Butler, he used several techniques that he had learned at the police academy and while working for the Sheriffs Office, i.e., using the pepper spray to de-escalate the verbal altercation and to avoid a physical altercation. Additionally, Deputy Boutan testified that he handcuffed Ruffin and Butler before putting them in his patrol car, all according to Sheriffs Office policy.
Similarly, the Motel 6 general manager’s testimony revealed that the Sheriffs Office deputies who work the extra-duty shifts at the Motel 6 are all under their own independent direction, with complete authority to handle each situation that might require removal of guests from the premises. In short, the [8extent of the Motel 6 management’s involvement with the extra-duty se *507 curity shifts is to set the hours needed for security and to provide a daily checklist schedule for each of the deputies on duty. Those activities are not consistent with the right of the Motel 6 to control or supervise the deputies as they carry out their law-enforcement duties such as maintaining peace and order, or detaining and arresting people when necessary.
Taking all of this evidence as a whole, none of it creates a genuine issue of material fact as to the Motel 6’s right of supervision or control over Deputy Boutan’s actions in detaining and arresting Ruffin and Butler while working the extra-duty security detail at the Motel 6. Based on the evidence, we find that the Motel 6 adequately pointed out the lack of factual support to prove that the Motel 6 reserved the right to supervise or control the security work of the extra-duty deputies. Thus, all of the evidence is consistent with the trial court’s finding that Deputy Boutan was an independent contractor and not an employee of the Motel 6. Accordingly, we conclude that the trial court did not err in granting summary judgment in favor of the Motel 6 and dismissing the plaintiffs’ claims against the Motel 6.
CONCLUSION
For the assigned reasons, we affirm the trial court’s summary judgment in favor of Motel 6 Operating L.P. and Accor North America, Inc., dismissing the plaintiffs’ claims against those two defendants. All costs of this appeal are assessed equally between the plaintiffs, Lionel and Jennifer Butler, individually and as administrators of the estate of their minor children, Ly-nell and Maggie Butler, and Brian Ruffin.
AFFIRMED.

. The record reflects that the plaintiffs filed a supplemental and amending petition on April 21, 2014, adding the Sheriff's Office as a defendant; however, the claims against the Sheriffs Office are not at issue in this appeal.

. Another exception that is not applicable here applies if the activity engaged in by the independent contractor is "ultrahazardous.” See Triplette, 554 So.2d at 1362.