PETTIGREW, J.
|2In this case, plaintiff, Ramón J. Fonse-ca, Sr., challenges the trial court’s June 25, 2015 judgment, dismissing his claims against defendant, Magic City Air of Louisiana, LLC (“City Air”), with prejudice, based on a 'finding that the tortfeasor, Douglas D. Jones, was an independent contractor and not an employee of City Air at the time of the alleged incident that resulted in injuries to Mr. Fonseca. For the reasons that follow, we.affirm in part, reverse in part, and remand.
FACTS AND PROCEDURAL HISTORY
This matter arises in connection with a lawsuit filed by plaintiff, Mr. Fonseca, against defendants, City Air; its managing member, William A. Adams; Douglas D. Jones; Seneca Specialty Insurance Company [1] (“Seneca”); and Liberty Mutual Insurance Company, Inc.[2] Mr. Fonseca alleged that he was injured by Mr. Jones during an altercation at his residence when Mr. Jones attacked him. On the day prior to the alleged attack, Mr. Fonseca placed a service call to City -Air, resulting in Mr. Adams dispatching Mr. Jones to Mr.' Fonseca’s residence to work on Mr. Fonse-ca’s air conditioning unit. Mr. Fonseca asserted that Mr. Jones was acting, in the course and scope of his employment with City Air and/or Mr. Adams at the time of the incident. He further alleged that City Air and Mr. Adams conspired to defraud him into purchasing unnecessary equipment; that City Air, Mr. Adams, and Mr. Jones caused excessive and unwarranted damages to his property; that City Air and’Mr. Adams were negligent in failing to properly train, supervise, and maintain control of Mr. Jones; and that Seneca *84 provided insurance coverage for these damages.
In response to Mr. Fonseca’s claims, City Air and Mr. Adams filed a motion for summary judgment, alleging that there were no genuine issues of material fact as to Mr. Jones’s status as an independent contractor and that they were entitled to summary | ¡¡judgment as a matter of law. City Air and Mr. Adams asserted that because Mr. Jones was an independent contractor and not an employee of either City Air or Mr. Adams, vicarious liability did not apply. They argued further that even if Mr, Jones was found to be an employee, his acts were intentional and not within the eourse and scope of employment.
Seneca also moved for summary judgement against Mr. Fonseca, alleging that there was no coverage for his claims under the policy issued- by Seneca to City Air, Seneca argued that because Mr. Jones was not an employee of its. named insured, .City Air, np coverage was afforded to. him under the policy in question. Seneca further maintained. that any allegations of fraud and. intentional acts on the part of any of the defendants were expressly excluded from coverage. .
The trial court heard arguments on these motions on July 24, 2014, at which time both motions were denied. The trial court signed a judgment on August 12, 2014, in accordance with its findings, denying both motions for summary judgment. Thereafter, the parties took further steps in the case with regard to discovery, including deposing Mr. Jones, and returned, once again, to the trial court seeking summary judgment on these issues,
Mr. Fonseca filed a motion for partial summary judgment, arguing that the record clearly demonstrated that there was an employer-employee relationship between City Air and Mr. Jones and that City Air and Mr. Adams were liable for the negligent hiring, retention, and supervision of Mr. Jones,. Seneca filed a motion for partial summary judgment, seeking a judgment holding that there was no coverage under its policy for Mr. Jones because he was an independent contractor. And City Air filed a cross-motion for summary judgment, asking the trial court to find, as a matter of law, that Mr. Jones was an independent contractor at the time of the alleged incident.
Mr, Adams filed an exception raising the objection of no cause of action as to Mr. Fonseca's claims against him individually. Mr. Adams argued that City Air, as a limited liability company, was the proper defendant in this case and that the “[c]ir-cumstances do j4not warrant removal of the protection of the limited liability attendant to corporate ownership.”
The trial court heard arguments on the yarious motions for summary judgment and on Mr. Adams’s no cause, of action exception on June 18, 2015. After considering the law, pleadings, evidence, and arguments of the parties, the trial court rendered judgment as follows;
IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT the Motion for Partial' Summary Judgment filed by the Defendant, Seneca Specialty Insurance Company, is GRANTED.-
IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT there is no coverage to Douglas D. Jones under Commercial General Liability Policy Number BAG-1014078 issued .by Seneca Specialty Insurance Company to Magic City Air of Louisiana, LLC for any claims asserted by the Plaintiff in the above-captioned matter.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT the Cross-Motion for Summary Judgment *85 filed by the Defendant, Magic City Air of Louisiana, LLC, is GRANTED.
• IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Douglas D. Jones was an independent contractor of Magic City Air of Louisiana, LLC on July 19, 2012 and at all material times in the above-captioned matter, and, therefore, all claims against Magic City Air of Louisiana, LLC are dismissed with prejudice.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT both Motions for Partial Summary Judgment filed by the Plaintiff, Ramon J. Fonseca, Sr,, are DENIED.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT the Peremptory Exception of No Cause of Action filed by the Defendant, William A. Adams, is SUSTAINED IN PART and DENIED IN PART.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT all claims by the Plaintiff, Ramon J. Fonsé-ca, [Sr.], against the Defendant, William A. Adams, in the above-captioned matter are dismissed, except for the claims asserted by the Plaintiff against William A. Adams for fraud.
The trial court’s judgment was dated June 25, 2015. Thereafter, Mr. Fonseca filed a motion to certify the judgment as final as it dismissed all claims against City Air with prejudice. On August 5, 2015, the trial court signed an order certifying that “the Judgment signed on June 25, 2015, dismissing all claims against Magic City Air of Louisiana, LLC is hereby certified a final judgment.” ■
|fiMr. Fonseca now appeals,' assigning the following specifications of error for our review:
I. The trial court committed reversible error in finding that Douglas Jones was an independent contractor of Magic City Air. Based on this erroneous determination, the trial court incorrectly (a) granted the cross-motion for summary judgment filed by Magic City Air, dismissing it with prejudice, (b) granted Seneca’s motion for summary judgment on the basis' of no coverage, artd (c) denied Fonseca’s motions for partial summary judgment against Magic City Air and Seneca on the issue of liability.[3] In any event; the trial court erred in failing to find that a genuine dispute existed as to the facts establishing Jones’ status.
II. The trial court erred in dismissing Magic City Air from the lawsuit when Fonseca had alleged other causes of action unrelated to Jones’ status. Even should Jones be deemed an independent contractor (he was not), Magic City Air would nevertheless remain liable for these other actions.
LAW AND, ANALYSIS
After adequate discovery, a motion- for summary judgment is properly granted if *86 the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B)(2) & (C)(1) (prior to amendment by 2015 Acts, No. 422, effective January 1, 2016).[4] The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. La.Code Civ. P. art. 966(A)(2).
The mover bears the burden of proving that he is entitled to summary judgment. However, if the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more 1 (¡essential elements of his opponent’s claim, action, or defense. La. Code Civ. P. art. 966(C)(2) (prior to amendment by 2015 Acts, No. 422, effective January 1, 2016).[5] If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La. Code Civ. P. art. 966(C)(2) (prior to amendment by 2015 Acts, No. 422, effective January 1, 2016). If the nonmoving party fails to make this requisite showing, there is no genuine issue of material fact, and summary judgment should be granted. La.Code Civ. P. art. 966(C)(2) (prior to amendment by 2015 Acts, No. 422, effective January 1, 2016). If, however, the movant fails in his burden to show an absence of factual support for one or more of the elements of the adverse party’s claim, the burden never shifts to the adverse party, and the movant is not entitled to summary judgment. LeBlanc v. Bouchereau Oil Co., Inc., 2008-2064, p. 4 (La.App. 1 Cir. 5/8/09), 15 So.3d 152, 155, writ denied, 2009-1624 (La.10/16/09), 19 So.3d 481.
In ruling on a motion for summary judgment, the trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Hines v. Garrett, 2004-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 2000-2507, p. 2 (La.12/8/00), 775 So.2d 1049, 1050. In determining whether summary judgment is appropriate, appellate' courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. East Tangipahoa Development Company, LLC v. Bedico Junction, LLC, 2008-1262, p. 8 (La.App. 1 Cir. 12/23/08), 5 So.3d 238, 243-244, writ denied. 2009-0166 (La.3/27/09), 5 So.3d 146. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only |7in light of the substantive law applicable to this case. Pumphrey v. Harris, 2012-0405, p. 5 (La.App. 1 Cir. 11/2/12), 111 So.3d 86, 89.
Louisiana law governing the vicarious liability of an employer generally provides that employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they • are employed. La. Civ.Code art. *87 2320. For an employer to be held liable for the actions of an employee under Article 2320, the plaintiffs must show that an employer-employee relationship existed and that the tortious act was committed within the scope and during the course of employment. Hughes v. Goodreau, 2001-2107, pp. 5-6 (La.App. 1 Cir. 12/31/02), 836 So.2d 649, 656, writ denied. 2003-0232 (La.4/21/03), 841 So.2d 793.
However, a well-established general rule under Louisiana law is that an employer is not liable for the torts committed by an individual who is an-independent contractor in the course of performing his contractual duties. Triplette v. Exxon Corp., 554 So.2d 1361, 1362 (La.App. 1 Cir.1989). Yet, there is an equally well-established exception to this rule in that an employer may be liable if it maintains the right to supervise or control the activity in question.[6] See Triplette, 554 So.2d at 1363. In determining whether an employment relationship exists, the jurisprudence of this state has uniformly held that the most important element to be considered is the right of control and supervision over an individual. Parmer v. Suse, 94-2200, p. 4 (La.App. 1 Cir. 6/23/95), 657 So.2d 666, 668, writ denied. 95-1853 (La.11/3/95), 662 So.2d 10.
The distinction between an employee and an independent contractor is a factual determination that must be decided on a case-by-case .basis. Tower Credit, Inc. v. Carpenter, 2001-2875, p. 6 (La.9/4/02), 825 So.2d 1125, 1129; Hulbert v. Democratic State Central Committee of Louisiana, 2010-1910, p. 4 (La.App. 1 Cir. 6/10/11), 68 So.3d 667, 670, writ denied. 2011-1520 (La.10/7/11), 71 So.3d 316. In determining whether an independent contractor relationship exists, courts consider ^whether: (1) a valid contract exists between the parties; (2) the work is of an independent nature; (3) the contract allows for the work to be done according to the contractor’s own methods, without being subject to control and direction except as to the result of the services to be rendered; • (4) a specific price for the overall undertaking is agreed upon; and (5) the duration of the work is for a specific time and not subject to termination at the will of either party. See Hickman v. Southern Pacific Transport Company, 262 La. 102, 117, 262 So.2d 385, pp. 390-391 (1972); Hulbert, 2010-1910 at 4-5, 68 So.3d at 670. In other words, to determine whether someone is an independent contractor, the court must look at the degree of control over the work. Sasser v. Wintz, 2011-2022, p. 9 (La.App. 1 Cir. 9/4/12), 102 So.3d 842, 848 (citing Roca v. Security Nat. Properties-Louisiana Ltd. Partnership, 2011-1188, pp. 4-5 (La.App. 1 Cir. 2/10/12), 102 So.3d 778, 781, writ denied. 2013-0233 (La.4/1/13), 110 So.3d 583).
We reiterate, however, that it is not the supervision and control actually exercised that is significant; but whether, from the nature of the relationship, the right to exercise such control exists. Hulbert, 2010-1910 at 5, 68 So.3d at 670-671. The court should consider the'totality of the circumstances in deciding whether an employer-employee . relationship exists or whether it is an instance where the individual has independent contractor status. Hulbert, 2010-1910 at 5, 68 So.3d at 671.
The record in this case is replete with conflicting evidence regarding Mr. Jones’s status as it related to City Air at the time of the alleged incident with Mr. Fonseca. Mr. Adams testified in his deposition that he reported to Seneca that Mr. *88 Jones was a City Air employee. He further noted that although he issued- a form 1099 to Mr. Jones for the income he received from City Air, he never referred to or noted Mr. Jones as an independent contractor hired by City Air to perform service .calls. Mr. Adams maintained that he treated Mr. Jones as an employee, not as an independent contractor. With regard to Mr. Jones’s compensation, Mr. Adams indicated that he paid Mr. Jones on a weekly basis by check, based on the “invoices that he had done.” .As per their agreement, Mr. Jones received “50 percent of [each] service call that he -went on.”
IflAccording to Mr. Adams’s testimony, he supervised his technicians and monitored their work closely. Mr. Adams testified that when he first hired a technician to work for City Ah’, his practice was to go with them on service calls to ensure that they were properly inspecting, diagnosing, cleaning, and repairing the units they were called to service. Mr. Adams indicated that he typically would go on a few service calls with a technician, and “[o]nce [he] was comfortable with them doing their own work, [he], would then send them out on their own, on their [own] calls.” Mr. Adams added that he was responsible for scheduling all of Mr. Jones’s service calls for City Air and that Mr- Jones would never be on a service call for City Air of his own accord. Moreover, Mr. Jones was required to submit the service ■ orders to Mr. Adams’s office either daily after completing his calls, or the following morning if he was running late.
Mr. Adams further testified that he required all of his technicians to have EPA certifications and schooling to handle refrigerants. When asked about supervising his technicians, Mr. Adams replied, ‘Well, I would just send them out on calls and I would make sure that ... everything was done properly.. As long as I had no ... complaints from the individuals ... everything was fine.” Moreover, Mr. Adams indicated that his technicians, including Mr. Jones, were alerted to City Air’s company policies and were advised as to which violations would result in termination at will.
In contrast, Mr. Jones testified in his deposition that he never had a formal interview with City Air and never filled out an employment application with City Air. He explained that he was not á salaried employee, but rather was paid by the job and received a 1099 form in 2012 from City Air. Mr. Jones added that he did not receive any employment benefits or insurance benefits from City Air. Mr. Jones indicated that he never received any training from anyone at City Air and that Mr. Adams was only onsite with him for maybe one or two service calls out of the 50-100 service calls he went on for City Air.
Mr. Jones stated that he received his assignments from Mr. Adams via text messages. He explained that he was not required to report to the office daily and that it would often be three or four days in between meeting with Mr. Adams. Mr. Jones ¡ ¿(¡testified that when he was on service calls 'for City Air, he did not wear a City Air -uniform or drive a company vehicle.
The crux of Mr. Fonseca’s appeal is that the evidence was highly contradictory and .established a genuine issue of material fact as to Mr. Jones’s status, thus requiring that this matter be decided after a trial on the merits where the fact finder could hear testimony and assess credibility.
. In its written reasons for judgment, the trial court stated it applied the elements of Hickman “within the context of present day labor and employment practices,” in concluding that Mr. Jones was. an independent contractor. This finding resulted in the granting of City Air’s cross-motion for summary judgment as to Mr. Jones’s sta *89 tus as an independent contractor and the denial of Mr. Fonseea’s motion for partial summary judgment. - The trial court stated further:
After analyzing Seneca’s insurance contract in ¡the context of Jones’ status as an independent contractor, the court also granted [Seneca’s motion for partial summary judgment]....
[[Image here]]
... In finding Jones to be an independent contractor, all claims of vicarious liability on the part of Magic City [Air] fall. The training and control claims along with those of negligent hiring, retention and supervision of Jones also fail for the same reason.
It is apparent to us on our de novo review that to reach its conclusions, the trial court improperly weighed the credibility of the witnesses. The law is well settled that the trial court cannot make credibility determinations, evaluate testimony, or weigh conflicting evidence in making its decision whether to grant or deny a motion for summary judgment. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. Rather, in deciding a motion for summary judgment, the trial court must assume that all of the affiants are credible. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, pp. 16-17 (La.2/29/00), 755 So.2d 226, 236. From our review of the record, that does not appear to have happened in this case.
| nThe ‘evidence in the record leaves unanswered several relevant questions concerning the extent and nature of the relationship between Mr. Adams and Mr. Jones. The evidence fails to resolve the factual questions of whether Mr. Adams had the right to exercise supervisory control over Mr. Jones while he was on service calls for City Air. See Hulbert, 2010-1910 at 5, 68 So.3d at 670-671. Given these unresolved and clearly disputed factual questions, the trial court erred in finding that Mr. Jones was an independent contractor and in granting the motions for summary judgment on this issue.
CONCLUSION
For the above and foregoing reasons, we reverse that portion of the trial court’s June 25, 2015 judgment, decreeing Douglas D. Jones was an independent contractor, granting summary judgment in favor of Magic City Air of Louisiana, LLC, and dismissing, with prejudice, all claims against City Air. We reverse that portion of the June 25, 2015 judgment, granting partial summary judgment in favor of Seneca Specialty Insurance Company and finding no coverage for Mr. Jones for any of the claims asserted by Ramon J. Fonse-ca, Sr. in this litigation. We affirm that portion of the June 25, 2015 judgment, denying both motions for partial summary judgment filed by Mr. Fonseca.
We reverse in part that, portion of the trial court’s judgment that granted an exception of no cause of action in favor of Mr. William A. Adáfris for claims asserted against him individually. We affirm in part that portion of the trial court’s judgment denying the exception of no cause of action for claims of fraud brought against Mr. Adams. The exception is denied, and at this time, we .maintain all causes of action filed by Mr. Fonseca against Mr. Adams.
This matter is remanded for further proceedings consistent with this opinion. All costs associated with this appeal are'assessed equally amongst the parties.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
CRAIN, J., concurs.

. Seneca was improperly identified'as Séneca Insurance Company, Inc. by Mr. Fonseca's amended petition for damages.

. Liberty Mutual Insurance Company, Inc. was summarily dismissed, without prejudice, by a joint motion and order for voluntary dismissal filed by the parties and signed by the trial court on August 14, 2013.

. Generally, an appeal may not be taken from the trial court's denial of a motion for summary judgment. See La.Code Civ. P, art. 968. However, it may be reviewed on an appeal of a final judgment in the suit. Gilchrist Const. Co., LLC v. State, Dept. of Transp. and Development, 2013-2101, p. 7 (La.App. 1 Cir. 3/9/15), 166 So.3d 1045, 1051, writ denied. 2015-0877 (La.6/30/15), 172 So.3d 1097. When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings, in addition to review of the final judgment; Cajun Constructors, Inc. v. EcoProduct Solutions, LP, 2015-0049, p. 9 (La.App. 1 Cir. 9/18/15), 182 So.3d 149, 155, writ denied. 2015-1908 (La.11/20/15), 180 So.3d 1287. Therefore, we also consider Mr. Fonseca’s argument that the trial court erroneously denied his motions for partial summary judgment against City Air and Seneca on the issue of liability.

. Now, see La.Code Civ. P. art. 966(A)(3).

. Now, see La.Code Civ. P. art. 966(D)(1).

. Another exception that is not applicable here applies if the activity engaged in by the independent contractor' is “ultrahazardous.” See Triplette, 554 So.2d at 1362.