STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1240

PAYNE T. TRICHELL

VERSUS

CHRISTOPHER McCLURE

Judgment Rendered: __APR 0 8 2022__

* * * * *

On appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
No. C615092

The Honorable Timothy E. Kelley, Judge Presiding

* * * * *

Charles L. Trichell                    Attorney for Plaintiff/Appellant,
Baton Rouge, Louisiana                 Payne T. Trichell


H. Alston Johnson, III                 Attorneys for Defendant/Appellee,
J. Alan Harrell                        GAA-Nicholson, LP
Gregory J. Reda
Baton Rouge, Louisiana

* * * * *

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**WOLFE, J.**

Payne T. Trichell appeals a summary judgment that dismissed his claims against GAA-Nicholson, LP. We affirm.

## FACTS

In the early morning hours of September 7, 2011, twenty-one-year-old Trichell returned home to the Indigo Park Apartments in Baton Rouge and took a golf cart for a joyride around the apartment complex. Baton Rouge City Police Officer Christopher McClure was a "courtesy officer" who lived at the complex and saw Trichell driving the golf cart at a high rate of speed over speed bumps. McClure approached Trichell and Trichell attempted to flee on foot. An altercation ensued, during which McClure used a takedown maneuver to subdue and handcuff the apparently intoxicated Trichell. As a result, Trichell claims he suffered serious injuries, including a fractured jaw that required extensive medical treatment.

Trichell instituted this suit against McClure, seeking damages for his injuries. In his answer, McClure asserted a third-party demand against GAA-Nicholson Commercial, LP, d/b/a Indigo Park Apartments ("GAA"), alleging that he worked in a dual capacity as a Baton Rouge police officer and as an employee of GAA. Trichell then amended his petition to name GAA as a defendant, alleging it was vicariously liable for the acts of its employee, McClure. GAA denied the allegations and asserted various affirmative defenses.

In January 2021, almost ten years after the incident at issue and more than six years after Trichell filed his amended petition naming GAA as a defendant, GAA filed a motion for summary judgment seeking dismissal of all claims against it. GAA argued it could not be held vicariously liable for McClure's actions because McClure was acting as an independent contractor at the time of the incident, not a GAA employee. Trichell moved to continue the hearing on GAA's motion on the basis of outstanding discovery. Trichell then opposed the motion for summary judgment on

the same basis he sought the continuance and further argued that GAA's motion for summary judgment raised a new issue that necessitated additional discovery and rendered the motion premature. The trial court denied the motion to continue and granted the motion for summary judgment, dismissing all claims against GAA. Trichell now appeals.[1]

## DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966A(2). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. Code Civ. P. art. 966D(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. **In re Succession of Beard,** 2013-1717 (La. App. 1st Cir. 6/6/14), 147 So.3d 753, 759-60.

The initial burden of proof is on the party filing the motion for summary judgment. See La. Code Civ. P. art. 966D(1). The mover may meet this burden by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, stipulations, and admissions with the motion for summary judgment. See La. Code Civ. P. art. 966A(4). The mover's supporting documentary evidence must prove the essential facts necessary to carry his burden. Thus, in deciding a motion for

---

[1] McClure's third party demand against GAA was also premised on vicarious liability and dismissed by the same summary judgment; however, this appeal is limited to the summary judgment dismissing Trichell's claims against GAA.

3

summary judgment, it must first be determined whether the supporting documents presented by the mover are sufficient to resolve all material fact issues. **Crockerham v. Louisiana Medical Mutual Insurance Company**, 2017-1590 (La. App. 1st Cir. 6/21/18), 255 So.3d 604, 608.

Once the motion for summary judgment has been properly supported by the moving party (*i.e.,* the mover has established the material facts through its supporting documentary evidence), and the mover has made a *prima facie* showing that the motion for summary judgment should be granted, the burden shifts to the non-moving party to produce factual support, through the use of proper documentary evidence attached to his opposition, sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial - the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See **Babin v. Winn-Dixie Louisiana, Inc.**, 2000-0078 (La. 6/30/00), 764 So.2d 37, 39. If the non-moving party fails to produce factual support in his opposition sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, La. Code Civ. P. art. 966D(1) mandates the granting of the motion for summary judgment. See **Babin**, 764 So.2d at 40.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. **Janney v. Pearce**, 2009-2103 (La. App. 1st Cir. 5/7/10), 40 So.3d 285, 289, writ denied, 2010-1356 (La. 9/24/10), 45 So.3d 1078. Further, simply showing the presence of disputed facts is insufficient if there is no legal issue presented by those contested facts. See **Franklin Credit Management Corp. v. Gray**, 2007-1433 (La. App. 4th Cir. 1/14/09), 2 So.3d 598, 603, writ denied, 2009-0476 (La. 4/17/09), 6 So.3d 795. A "genuine" issue is a triable issue, which means that an issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could

4

reach only one conclusion, there is no need for a trial on that issue. **Kasem v. State Farm Fire & Casualty Company**, 2016-0217 (La. App. 1st Cir. 2/10/17), 212 So.3d 6, 13. A fact is "material" when its existence or nonexistence may be essential to a plaintiff's cause of action under the applicable theory of recovery. **Id**. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Bryant v. Premium Food Concepts, Inc.**, 2016-0770 (La. App. 1st Cir. 4/26/17), 220 So.3d 79, 82, writ denied, 2017-0873 (La. 9/29/17), 227 So.3d 288.

Under Louisiana law, an employer is vicariously liable for the negligence of its employees that occurs within the course and scope of the employees' employment. See La. Code Civ. art. 2320; **Shannon v. Vannoy**, 2017-1722 (La. App. 1st Cir. 6/1/18), 251 So.3d 442, 452 n.8. In contrast, an employer is generally not liable for the torts of independent contractors performing their contractual duties unless the employer maintains operational control over the activity in question. **Butler v. Boutan**, 2014-1058 (La. App. 1st Cir. 12/23/14), 168 So.3d 501, 505. Whether an employer-employee relationship exists is a factual determination decided on a case-by-case basis determined by the totality of the circumstances, but primarily on whether the employer has the right or duty of selection and engagement, payment of wages, power of dismissal, and power of control. **Bolden v. Tisdale**, 2021-00224 (La. 1/28/22), ___ So.3d ___, ___ (2022 WL 262976, *6). This requires consideration of whether the employer has the right to supervise and control the worker. **Id**. The burden of proof lies with the party seeking to establish the employer-employee relationship. **Hillman v. Comm-Care, Inc.**, 2001-1140 (La. 1/15/02), 805 So.2d 1157, 1163.

GAA contends that an employer-employee relationship between it and McClure cannot be shown. In support of its motion for summary judgment, GAA submitted the Courtesy Officer Services Agreement executed by McClure and the

5

apartment complex's property manager. The agreement provided that as an independent contractor for the property management company, McClure agreed to serve as the on-site courtesy officer for a monthly fee that was to be credited against McClure's monthly rental obligation. Under the terms of the agreement, McClure was responsible for "providing a courteous presence among residents whenever … on the property," "assisting … in the enforcement of rules and regulations regarding all common and recreational areas," and generally assisting property management. The specific duties McClure was required to perform included being on call for disturbances or safety related calls; walking and patrolling the property on a random basis; checking the property's lights, gates, and leasing office security; locking designated areas nightly; attending as many social functions sponsored by the property as possible, but at least one each quarter; assisting management with resident problems when requested; attending instruction on crime prevention provided by management and participating with residents in crime prevention seminars; meeting with management three times weekly; and notifying management of planned absences. In connection with those duties, McClure was provided a daily activity report on which to note the times areas of the property were checked and if criminal activity was observed, as well as a weekly report for the lights on the property.

In further support of its motion, GAA submitted the affidavit of Jonathan Tucker, a management executive who attested that the methods and timing of completing the duties outlined in the agreement were within the control of the courtesy officer. Tucker stated that the officers had the discretion to perform their services and handle each situation based on their training and experience as law enforcement officers. The security officers, including McClure, were not provided with tools or training to perform the security-related duties and inspections, which

were performed without the accompaniment of management or other apartment complex personnel.

GAA also submitted McClure's deposition testimony, in which he stated that he understood that courtesy officers were considered employees of the apartment complex. However, he clarified that the only compensation he received was in the form of a discount on his rent obligation and that he received no tax forms from GAA, did not declare that amount on his own income tax return, and did not formally notify the Baton Rouge Police Department of the arrangement though he believed the department was aware of it. McClure testified that on the night in question he saw Trichell on the golfcart while walking toward his own apartment after his shift with the police department. McClure explained that he used his police issued equipment as he stopped and handcuffed Trichell. Ultimately, McClure issued Trichell a summons for criminal mischief and resisting arrest.[2] McClure stated he followed police procedures and issued the summons as an off-duty police officer, performing the duties he was sworn to uphold. He explained that GAA gave him no training as to how to perform his courtesy officer duties and the authority to arrest or issue a summons was within the discretion of the officer. McClure testified that during the incident he took defensive action in response to Trichell's actions, in accordance with his police training.

GAA's summary judgment evidence sufficiently pointed out the absence of factual support for Trichell's claim that McClure was its employee. The evidence established that McClure handled the incident at his own discretion, according to his police training. The burden of proof then shifted to Trichell to produce factual support, through the use of proper documentary evidence, sufficient to establish the existence of a genuine issue of material fact regarding whether McClure was GAA's

---

[2]  McClure testified that Trichell later pled guilty to the charges under La. Code Cr. P. art. 894.

7

employee. See La. Code Civ. Pro. art. 966D(1); **Bolden**, ___ So.3d at ___ (2022 WL 262976 at *7).

When a motion for summary judgment is made and supported as required by law, an adverse party must respond with evidence that sets forth specific facts showing that there is a genuine issue for trial. If he does not, summary judgment, if appropriate, shall be rendered against him. See La. Code Civ. P. art. 967B; **Bolden**, ___ So.3d at ___ (2022 WL 262976 at *8).

Trichell filed no evidence in opposition to GAA's motion for summary judgment, arguing instead that the motion was premature because there was outstanding discovery and because additional discovery was necessary.[3] Trichell makes the same argument on appeal.

Louisiana Code of Civil Procedure article 966 requires that parties have "an opportunity for adequate discovery" before summary judgment is granted. The requirement is that adequate discovery be *conducted*, not that discovery be *completed*. **Law Offices of Lehman v. Rogers**, 2021-0682 (La. App. 1st Cir. 12/22/21), ___ So.3d ___, ___ (2021 WL 6071600, *3). There is no absolute right to delay a motion for summary judgment until discovery is complete. **Preston v. Southern University Through Board of Supervisors of Southern University Agricultural and Mechanical College**, 2020-0035 (La. App. 1st Cir. 7/13/21), 328 So.3d 1194, 1203. The trial court has broad discretion when regulating pre-trial discovery, which will not be disturbed on appeal absent a clear showing of abuse. It is within the trial court's discretion to render a summary judgment or require further discovery. **Campbell v. Dolgencorp, LLC**, 2019-0036 (La. App. 1st Cir. 1/9/20), 294 So.3d 522, 527.

---

[3] On appeal, Trichell does not challenge the trial court's denial of his motion to continue the hearing on the motion for summary judgment, which was premised on outstanding and incomplete discovery.

Trichell seeks damages for a 2011 incident. GAA filed its answer in 2017, denying Trichell's allegations of liability. To prove his theory of vicarious liability, Trichell bore the burden of proving an employer-employee relationship between GAA and McClure. See **Hillman**, 805 So.2d at 1163. We are not persuaded by Trichell's argument that the employer-employee relationship was not at issue until GAA filed its motion for summary judgment. Further, given the length of time involved, we are not persuaded that the trial court abused its discretion in rendering summary judgment rather than requiring further discovery.

On appeal, Trichell argues for the first time that GAA waived the independent contractor defense by failing to plead it in its answer. Under La. Code Civ. P. art. 966D(2), we may consider only those documents filed in support of or in opposition to the motion for summary judgment. Neither Trichell nor any other party filed a copy of GAA's answer in support of or in opposition to the motion for summary judgment; therefore, we are prohibited from considering GAA's answer in reviewing the summary judgment. See La. Code Civ. P. art. 966D(2); **S&P Investments, LLC v. Nguyen**, 2020-0602 (La. App. 1st Cir. 1/25/21), 319 So.3d 864, 867. Trichell's argument that the summary judgment should be reversed on this basis is without merit.

On the motion for summary judgment, Trichell failed to show that he would be able to bear his burden at trial of proving that McClure, the alleged tortfeasor, was an employee of GAA. Thus, the trial court was correct in granting summary judgment and dismissing Trichell's claims against GAA.

## CONCLUSION

The May 17, 2021 summary judgment dismissing Trichell's claims against GAA-Nicholson, LP, is affirmed. All costs of this appeal are assessed to Payne T. Trichell.

**AFFIRMED.**

9